IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL R. RAYMOND, No. A-87981, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 11-cv-0415-MJR ) |
| DIRECTOR of the ILLINOIS DEPARTMENT of CORRECTIONS, and RANDY J. DAVIS, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

**A.    Introduction**

Carl R. Raymond ("Plaintiff" or "Raymond") brings this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time he filed his complaint in this Court, Raymond was an inmate confined in the Pinckneyville Correctional Center. He later notified this Court that he had been discharged from custody and placed on mandatory supervised release. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations are sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and dismiss this case.

B.     **Summary of Complaint Allegations**

Raymond was sentenced on September 24, 2010, to eighteen months in Edwards County Case No. 10-CF-29, for defrauding a drug screening test (Doc. 1-1, pp. 8-10). On October 12, 2010, Raymond was given a three-year sentence in Wabash County Case No. 05-CF-17 (Count I), for possession of methamphetamine manufacturing chemicals (Doc. 1, p. 5; Doc. 1-1, pp. 2-4). This three-year sentence was ordered to run concurrently with both the eighteen-month

sentence in Edwards County No. 10-CF-29 and a previous five-year sentence imposed on Count II in Wabash County No. 05-CF-17 (Doc. 1-1, p. 4; Doc. 1, p. 5).

However, upon entering the Illinois Department of Corrections ("IDOC"), Plaintiff learned that IDOC had not calculated his sentences to run concurrently as ordered and that they had projected his release date to be December 3, 2011 (Doc. 1, p. 5). Had the sentences been properly calculated, his release date should have been June 15, 2011. *Id.* Plaintiff claims he suffered mental distress and insomnia after being informed he would have to serve an additional six months beyond his expected sentence.

In January 2011, Plaintiff filed a state habeas corpus action in Wabash County Circuit Court, seeking to correct the sentence computation. That case was dismissed (Doc. 1-2, pp. 3-11). On April 13, 2011, he filed a habeas action in the Illinois Supreme Court (Doc. 1-2, p. 15). That matter was still pending at the time Plaintiff filed the instant complaint in this federal District Court (Doc. 1, p. 6).

On April 15, 2011, Plaintiff was notified by his prison counselor that the IDOC had corrected his sentence calculation such that his projected release date would be June 15, 2011 (Doc. 1, p. 6; Doc. 1-2, p. 17). Plaintiff was in fact released on or about that date, as indicated by his notice of change of address submitted to this Court on June 22, 2011 (Doc. 8). He seeks compensatory damages for the mental distress he suffered between October 14, 2010 and April 14, 2011, during which time he believed he would be required to remain in prison for an extra six months, based on the erroneous release date of December 3, 2011 (Doc. 1, pp. 6-7).

C. **Discussion**

Plaintiff appears to be arguing in part that he was unlawfully confined, when the IDOC failed to properly calculate his sentences to be served concurrently (Doc. 1, pp. 5-6). A prisoner

who seeks money damages for having been unlawfully imprisoned must first establish that the conviction or sentence has been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In the instant case, neither of Plaintiff's underlying convictions or sentences has been invalidated. Thus, if Plaintiff's claim for money damages would undermine the validity of either conviction or sentence, it is barred by *Heck*. However, if the success of his claim does not require that an underlying criminal judgment be invalidated, *Heck* does not bar the claim.

Plaintiff Raymond does not challenge the validity of his convictions or sentences. Rather, he has sought all along to *enforce* the sentences as the Wabash County trial judge intended them to be carried out – he wanted the IDOC to recognize that his three-year sentence should be served concurrently with (rather than consecutively to) his Edwards County eighteen-month sentence and the earlier five-year Wabash County sentence. Plaintiff's disagreement was with the IDOC's miscalculation of the length of his incarceration, not with the underlying judgment. Such a dispute is appropriately addressed by filing a habeas or mandamus action in

the state court, which is what Plaintiff did.[1]  *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  Because the success of Plaintiff's action for damages would not require his criminal judgment to be invalidated, *Heck* does not bar this action.

But there are two other obstacles.  First, Plaintiff was never required to (and never did) serve a longer sentence than the trial judge intended.  Plaintiff was discharged from incarceration to start his term of mandatory supervised release on June 15, 2011, just as he claimed in his habeas petitions that he should be.[2]  He therefore cannot argue that he was "unlawfully imprisoned;" and his claim that his "rights were violated, when the Department of Corrections was making me serve time on a sentence that I have already served" (Doc. 1, p. 5) fails.

Second, to support his claim for damages, Plaintiff alleges that he suffered "mental duress and anguish and cruelty" during the six months after he was informed that his release date would not be until December 3, 2011 (Doc. 1, p. 7).  However, the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997e *et seq.*), as amended in 1996 by the Prisoner Litigation Reform Act ("PLRA"), strictly limits an inmate's recovery for mental or emotional injury:

---

[1] Ultimately, when the IDOC corrected its sentence calculation and projected release date to June 15, 2011, Plaintiff obtained the relief he had sought in his state habeas actions.

[2] According to the Inmate Search feature of the IDOC website, Plaintiff Raymond was released on parole on June 15, 2011. http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited on May 4, 2012).  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  Ironically, this information also shows that Plaintiff has recently been returned to IDOC custody, presumably for a violation of the terms of his mandatory supervised release.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e).  Plaintiff's complaint, which was brought while he was confined in prison, is devoid of any allegation that he has suffered physical injury as a result of the IDOC's miscalculation of the length of his sentence.  Accordingly, he cannot recover damages for the mental distress he suffered due to the IDOC's error.

### D.     Disposition

For the reasons described above, the Court concludes that Plaintiff has failed to state any claim upon which relief may be granted, and this action is hereby **DISMISSED** with prejudice.

This dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, which means that the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED May 9, 2012.

>  _s/ MICHAEL J. REAGAN_____
> Michael J. Reagan
> United States District Judge